UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAWN STOYANOFF and VERNON SCHERMER,<br><br>Plaintiffs,<br><br>v.<br><br>JEREMY HOYLE, WHATCOM COUNTY, LUMMI NATION, JOHN AND/OR JANE DOE, NUMBERS 1 THROUGH 10<br><br>Defendants. | No.<br><br>**COMPLAINT FOR DAMAGES** |

Plaintiffs allege:

1. **INTRODUCTION**

   1.1. Dawn Stoyanoff is profoundly deaf, and has been since birth.  Driving home from teaching a college class on July 8th, 2010, Ms. Stoyanoff was stopped and detained by Defendant Jeremy Hoyle, a member of the Lummi Nation police force. Because Ms. Stoyanoff is not a member of the Lummi Nation, Officer Hoyle summoned the

COMPLAINT FOR DAMAGES
PAGE 1 OF 11

G. LEE RAAEN
200 First Ave. West, Suite 402
Seattle, WA 98119-4923
(206) 682-9580
Lee@LRaaen.com

Washington State Patrol. WSP officer Barton Maupin responded to the location where Ms. Stoyanoff was being held.

1.2. In an erroneous belief that the Deaf are not allowed to have driver's licenses, the officers who detained Ms. Stoyanoff formed an opinion that, because Ms. Stoyanoff showed them her driver's license while also gesturing she was Deaf, she must be faking her deafness.  Unfamiliar with both the law and common Deaf behaviors, the officers mistakenly interpreted Ms. Stoyanoff's actions as evidence of inebriation.  She was arrested and her hands (her only "voice") cuffed behind her back.  She was not read her rights in any manner she could understand, was transported to the County jail, re-shackled to a bar on a wall, booked for DUI and put into a jail cell with other prisoners.  In violation of law, Ms. Stoyanoff's repeated requests for an interpreter were denied by Defendants.

1.3. Throughout the ordeal, Ms. Stoyanoff was humiliated, mistreated and denied her civil rights.  Because of this nightmare come true for a Deaf person, Dawn Stoyanoff still suffers physically, psychologically and emotionally.

2. **JURISDICTION AND VENUE**

2.1. This court has subject matter jurisdiction under 42 U.S.C. § 1983, 28 U.S.C. § 1331 and § 1343 and 42 U.S.C. § 12133.

2.2. This court has ancillary or supplemental jurisdiction over state law claims under 28 U.S.C. § 1367.

3. Venue is proper in this court under 28 U.S.C. § 1391 because the events establishing

COMPLAINT FOR DAMAGES
PAGE 2 OF 11

Plaintiffs' claims occurred in the Western District of Washington, and Plaintiffs and Defendants are all believed to have been residents of the Western District of Washington at all material times.

**4. PARTIES**

4.1. Plaintiff Dawn Stoyanoff is a woman who has been deaf since birth. Because of this she is deemed to have a disability as defined by federal and state laws prohibiting discrimination. At all times relevant to this action, she has resided with her husband on Lummi Island in Whatcom County, Washington State.

4.2. Plaintiff Vernon Schermer is Dawn Stoyanoff's husband. They have been married at all times relevant to this action.

4.3. Defendant Jeremy Hoyle was employed by the Lummi Nation as a police officer. Based on information and belief, he is not a member of the Lummi Nation. Mr. Hoyle is a defendant here in his personal capacity.

4.4. The Lummi Nation is a federally recognized tribe of American Indians. The Lummi Nation's reservation is in Whatcom County within the Western District of Washington. The Lummi Nation through its code of laws has waived sovereign immunity for civil suits against it to the extent any such claims are covered by liability insurance. Plaintiffs' claims against the Lummi Nation are limited to the amount of relevant insurance coverage.

4.5. Whatcom County is a municipal corporation organized and operating under the laws of the State of Washington. Whatcom County is located within the Western District

COMPLAINT FOR DAMAGES
PAGE 3 OF 11

G. Lee Raaen
200 First Ave. West, Suite 402
Seattle, WA 98119-4923
(206) 682-9580
Lee@LRaaen.com

of Washington. Plaintiffs filed notice of claim forms as required by the Whatcom county code, and may bring this action at this time pursuant to that code. Whatcom County runs the Whatcom County Jail, and employs staff members involved in the events establishing this action.

4.6. Defendants John or Jane Doe are individuals unknown to the Plaintiffs involved in the events establishing this action.

4.7. Plaintiffs have filed claim forms with the State of Washington under RCW Chapter 4.92. After 60 days have elapsed and if the claims against the State and its employees have not been resolved, Plaintiffs intend to amend this complaint to add State of Washington, Officer Barton Maupin and others as defendants.

5. **FACTS**

5.1. Ms. Stoyanoff has been Deaf since birth. Her first and primary language is American Sign Language (ASL). She has for some time been a teacher of ASL. She taught an ASL class on the evening of July 8th, 2010 at Whatcom Community College. Approximately 20 minutes after leaving her class, she was stopped by Officer Jeremy Hoyle of the Lummi Nation Police Department on a country road in Whatcom County.

5.2. She provided her Washington State driver's license to Officer Hoyle, and tried to convey to him that she was Deaf. Because she had a driver's license and because Hoyle believed Deaf people were not allowed to drive, he concluded that she must be faking deafness, and treated her as such.

COMPLAINT FOR DAMAGES
PAGE 4 OF 11

G. LEE RAAEN
200 First Ave. West, Suite 402
Seattle, WA 98119-4923
(206) 682-9580
Lee@LRaaen.com

5.3. Officer Hoyle's erroneous belief that the Deaf may not have driver's licenses and his lack of understanding regarding Deaf people prevented any meaningful communication with Ms. Stoyanoff.

5.4. When Hoyle determined Stoyanoff was not a member of the Lummi Tribe, he requested a member of the Washington State Patrol be sent to the location on the country road where he was detaining Stoyanoff.

5.5. Trooper Maupin of the Washington State Patrol arrived at the scene about 45 minutes later. Officer Hoyle told Trooper Maupin that Ms. Stoyanoff was faking deafness. Officer Maupin adopted this assumption in his dealing with Ms. Stoyanoff.

5.6. Stoyanoff tried to convey to them that she was Deaf. The officers continued to interact with Stoyanoff as if she was faking. They were evidently unfamiliar and untrained in understanding or relating to the Deaf. They mistakenly interpreted Ms. Stoyanoff's actions (common to deaf people) as evidence of inebriation – even though other distinct characteristics of inebriation were absent.

5.7. Maupin took custody of Stoyanoff, charged her with DUI and took her to the Whatcom County jail. Her hands (her "voice") were forcefully cuffed behind her back denying her any ability to "speak", increasing her anxiety and causing physical injuries. She was not read her rights in any manner she could understand, was transported to the County jail, re-shackled to a bar on a wall by her left hand (she is left-handed), booked for DUI and jailed.

5.8. Ms. Stoyanoff was denied and/or refused the available professional interpreting she

COMPLAINT FOR DAMAGES
PAGE 5 OF 11

G. LEE RAAEN
200 First Ave. West, Suite 402
Seattle, WA 98119-4923
(206) 682-9580
Lee@LRaaen.com

repeatedly requested. Without such interpreting she could not understand, answer, or respond to the officers' questions accurately.

5.9. Ms. Stoyanoff was placed in a cell with several potentially dangerous people with whom she could not communicate with or understand. She could not hear what was happening or what the other prisoners were saying to or about her. She felt threatened and terrified. Since her husband was at home on Lummi Island and there was no ferry service to Bellingham when he learned of his wife's incarnation, Stoyanoff had to spend the night in the jail cell.

5.10. Throughout the entire ordeal, neither officer or other WSP personnel, nor jail staff, tried to confirm their beliefs and biases regarding the Deaf. In spite of Stoyanoff's requests, they did not summon the professional interpreters required by state law to be provided and which were available to Whatcom County 24 hours a day. Defendants were also informed by Mr. Schermer by telephone of the need for an ASL interpreter.

5.11. Defendants' disregard and lack of understanding regarding the Deaf lead to her being charged and convicted for DUI. That conviction is on appeal.

5.12. The resulting panic and fear has caused deep traumatic harm to Ms. Stoyanoff including, but not limited to, seriously suicidal depression, panic disorder and other psychological and physical injuries. She has lost the capacity to enjoy life and suffers other general damages. She has become house bound in fear that she may encounter police away from home. She has incurred and will continue to incur loss of income and earning capacity, expenses for treatment, and other special damages.

COMPLAINT FOR DAMAGES
PAGE 6 OF 11

G. LEE RAAEN
200 First Ave. West, Suite 402
Seattle, WA 98119-4923
(206) 682-9580
Lee@LRaaen.com

## 6. CLAIMS FOR VIOLATIONS OF CIVIL RIGHTS UNDER 42 USC 1983.

6.1. Officer Hoyle during his interactions with Ms. Stoyanoff was acting under color of state law. He quickly determined she was not a member of the Lummi Tribe. He detained and questioned her for the purpose of the enforcement of the laws of the State of Washington. He detained her to turn her over to the Washington State Patrol.

6.2. In acting to enforce state law, Hoyle, based on his belief that Deaf were not allowed to drive, deprived Stoyanoff of her rights, privileges and immunities guaranteed by the Constitution and laws of the United States. She was deprived of her rights guaranteed by the 4th, 5th and 14th amendments to the Constitution of the United States. She was also deprived of her rights under the state and federal laws described below.

6.3. Whatcom County through the actions and inactions of its jail staff acting under color of state law, also deprived Ms. Stoyanoff of those same constitutional and legal rights.

6.4. The denial of such rights are actionable under 42 USC § 1983, for which plaintiff Stoyanoff is entitled to damages and injunctive relief.

## 7. CLAIMS FOR FAILURE TO TRAIN AND SUPERVISE UNDER 24 U.S.C. § 1983

7.1. Whatcom County failed to adequately train and supervise its personnel regarding the rights of the Deaf and the county's responsibility toward them.

COMPLAINT FOR DAMAGES
PAGE 7 OF 11

G. Lee Raaen
200 First Ave. West, Suite 402
Seattle, WA 98119-4923
(206) 682-9580
Lee@LRaaen.com

7.2. The Lummi Nation by law, agreement or custom, has allowed its police officers to stop, detain and arrest non-tribe members subject to the laws of the United States and the State of Washington. In doing so, it has a responsibility to train and supervise its officers to respect the constitutional and legal rights of individuals who are not citizens of the Lummi Nation.

7.3. The Lummi Nation failed to adequately train and supervise is officers regarding interactions with the Deaf and their legal and constitutional rights.

7.4. The policies of the County and Lummi Nation toward the Deaf were inadequate or not properly implemented. The County and Lummi Nation were indifferent to the obvious and foreseeable consequences of those failures.

7.5. The failures of Whatcom County and the Lummi Nation constitute a violation of Ms. Stoyanoff's constitutional and legal rights.

7.6. As a result Plaintiff suffered and still suffers damages for which she is entitled to compensation.

8. **DISABILITY DISCRIMINATION CLAIM PURSUANT TO 42 U.S.C. § 12132 et seq.**

8.1. Ms. Stoyanoff is a qualified disabled person as defined in the Americans with Disabilities Act ("ADA, Title II"), 42 U.S.C. § 12132 et seq.

8.2. Officer Hoyle and employees of Whatcom County discriminated against Ms. Stoyanoff because of her disability; and/or failed to provide reasonable accommodation of Ms. Stoyanoff's disability.

8.3. Defendants Hoyle, and Whatcom County and its employees violated Plaintiff's

COMPLAINT FOR DAMAGES
PAGE 8 OF 11

G. LEE RAAEN
200 First Ave. West, Suite 402
Seattle, WA 98119-4923
(206) 682-9580
Lee@LRaaen.com

rights under the ADA with deliberate indifference to those rights.

8.4. Because of Defendants' violations of the ADA, Plaintiff suffered and still suffers damages for which she is entitled to compensation.

### 9. CLAIM AGAINST HOYLE AND WHATCOM COUNTY FOR FAILURE TO PROVIDE INTERPRETERS AS REQUIRED BY LAW, RCW 2.42.120 (4) (5).

9.1. Ms. Stoyanoff is hearing impaired, and Hoyle and the county's employees knew or should have known of that disability.

9.2. Ms. Stoyanoff was entitled to a ASL interpreter under RCW 2.42.120 (4)(5).

9.3. Ms. Stoyanoff repeatedly requested such an interpreter, but her requests were refused and denied.

9.4. Because of Defendants' violations of the state law, Plaintiff Stoyanoff suffered and still suffers damages for which she is entitled to compensation.

### 10. VIOLATION OF WASHINGTON STATE LAW AGAINST DISCRIMINATION.

10.1. Dawn Stoyanoff is a disabled person a defined in the Washington Law Against Discrimination, RCW Chapter 49.60.

10.2. Plaintiff was discriminated against because of her disability by Defendants Hoyle and Whatcom County, for which she is entitled to damages.

10.3. Because of Defendants' violations of Washington's law against discrimination, Plaintiff Stoyanoff suffered and continues to suffer damages.

COMPLAINT FOR DAMAGES
PAGE 9 OF 11

G. LEE RAAEN
200 First Ave. West, Suite 402
Seattle, WA 98119-4923
(206) 682-9580
Lee@LRaaen.com

**11. COMMON LAW CLAIMS**.

11.1. The actions and omissions of Defendant Hoyle and the employees of Whatcom County given Plaintiff's inability to hear and their indifference to that disability, constitute negligence, reckless indifference to Stoyanoff and her rights, and the negligent inflection of emotional harm.

11.2. Because of Defendants' actions and omissions, Plaintiff Stoyanoff suffered and still suffers damages for which she is entitled to compensation.

**12. DAMAGES AND OTHER RELIEF SOUGHT**

12.1. Because of Defendants' violations of laws, constitutional rights, and their negligent and reckless actions and omissions toward Plaintiff, she has suffered and continues to suffer physical, emotional, and psychological injuries, and loss of the capacity to enjoy life and other general damages.

12.2. Plaintiff Stoyanoff has also incurred costs and expenses for treatment; loss of income and earning capacity, and other special damages. Those damages also continue.

12.3. Because of the damages suffered by his wife, Plaintiff Schermer has incurred and will continue to incur expenses for his wife's treatment, legal costs, and other special damages. Schermer seeks recovery of those out of pocket costs and expenses from Defendants.

12.4. Plaintiffs are entitled to judgment against Defendants for their damages, as well as punitive damages and recovery of their costs and attorney's fees as allowed by law.

COMPLAINT FOR DAMAGES
PAGE 10 OF 11

G. Lee Raaen
200 First Ave. West, Suite 402
Seattle, WA 98119-4923
(206) 682-9580
Lee@LRaaen.com

12.5. Plaintiffs seek injunctive relief, including but not limited to, orders requiring Defendants to fully comply with laws regarding the Deaf, and requiring they create and/or implement policies to inform, educate and train their employees to respect the rights and needs of the Deaf.

**PRAYER FOR RELIEF**

Plaintiffs respectfully ask the Court to grant the following relief:

A. Awards of damages against the Defendants in amounts to be proven at trial.

B. An award of Plaintiffs' costs and reasonable attorney's fees as allowed by federal and state law.

C. An award of punitive damages against Defendants as may be allowed by law.

D. Injunctive relief to correct the policies and practices of the Defendants regarding the Deaf, and

E. Such other and further relief as the Court may deem just and proper.

Dated this 2nd day of July, 2013.

**LAW OFFICE OF G. LEE RAAEN**

By: s/ G. Lee Raaen_____
G. Lee Raaen, WSBA #6258
Attorney for Plaintiffs

COMPLAINT FOR DAMAGES
PAGE 11 OF 11

G. LEE RAAEN
200 First Ave. West, Suite 402
Seattle, WA 98119-4923
(206) 682-9580
Lee@LRaaen.com